IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JEFF DINKLAGE, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3192 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| RICHARD R. MONTANARO, JR., | ) | |
| | ) | |
| Defendant. | ) | |

 Pending before me is the defendant's Objection to the Plaintiff's Notice of Intent to Issue Subpoena Duces Tecum and Motion for Protective Order. Filing No. 11. The plaintiff's proposed subpoena is directed at obtaining defendant's banking records from Georgia National Bank. For the reasons discussed below, the defendant's objection will be sustained and his motion for protective order will be denied as moot.

 The complaint alleges plaintiff Jeff Drinklage loaned $100,000 to the defendant Richard R. Montanaro, Jr. to buy a house. Drinklage claims Montanaro has failed to make any payments on the loan. The complaint seeks damages for breach of contract.

 The defendant has raised affirmative defenses, claiming the plaintiff cannot recover because he is guilty of inexcusable neglect (laches); he failed to mitigate his damages; the contract was modified to delay the payment deadline for an unstated period of time and the plaintiff did not demand payment before filing suit; and the plaintiff is estopped from recovery and the defendant is entitled to a setoff because, with plaintiff's agreement, the defendant provided professional services to the plaintiff in lieu of making monetary loan payments.

 The plaintiff has provided notice of his intent to subpoena defendant's bank records. Specifically, the plaintiff's proposed subpoena demands that the bank produce:

> 1) Any and all account records, including signature cards, bank statements, cancelled checks, debit and credit memos, deposit tickets and deposited items for any account bearing the name Richard R. Montanaro Jr. which existed or were in existence between August 1, 2008 and December 31, 2008.
>
> 2) Any and all loans, to include applications, notes, mortgages, credit cards, or other instruments of indebtedness, ledgers, records of advancing those loans, that is, checks, deposit tickets, debit memos, records of loan payments, including copies of checks and receipts issued thereto, statements of interest paid, for any account or loan bearing the name Richard R. Montanaro Jr. which existed or were in existence between August 1, 2008 and December 31, 2008. . . .

Filing No. 11, pp. 2-3.

The defendant objects to the subpoena, stating the records requested are not relevant to the claims raised, and the requests are overly broad.[1] In response, the plaintiff claims the requested discovery will assist in disclosing "whether the Defendant used the $100,000.00 for the purposes of payment on his home loan." He argues:

> If Defendant used the loan proceeds to make a payment on his home, that evidence would bolster the Plaintiff's allegations that there was an agreement. On the other hand, if there was no home payment, it weighs heavily on Defendant's credibility.

Filing No. 13, p. 4.

---

[1] Contrary to the plaintiff's argument, the defendant has standing to object to the disclosure of his own bank records.

-2-

How the defendant spent the money he allegedly received from the plaintiff may be somewhat relevant to proving the existence of the loan or defendant's veracity. However, even accepting plaintiff's relevancy arguments, the discovery requests are far too broad. The plaintiff is not entitled to what is, in essence, all of the defendant's banking account, loan, and/or credit card records for a five-month period of time to determine if the defendant used the money borrowed from the plaintiff to buy a house. Demanding that the defendant produce any house purchase or house payment records would be sufficient to meet the goals identified by the plaintiff. If the defendant produces such documents, the plaintiff can use the information to prove the loan was made; if the defendant does not produce records of a house purchase or payment, the plaintiff can claim the defendant misrepresented the purpose of the loan.

Accordingly,

IT IS ORDERED:

1) The defendant's objection to the plaintiff's subpoena, (filing no. 11), is sustained. The plaintiff shall not serve his proposed subpoena on the defendant's bank, the Georgia National Bank.

2) The defendant's motion for protective order is denied as moot.

January 9, 2012.                    BY THE COURT:

                                    s/ Cheryl R. Zwart
                                    United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.